# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DOROTHY SCHMITZ, JILL SCHMITZ-NOBLE, BILL SCHMITZ, LaDONNA OLIPHANT, NEELEY SCHMITZ, and DAVID SCHMITZ,** | ) ) ) ) ) | **CASE NUMBER** |
| Plaintiffs, | ) ) | |
| v. | ) ) | 10-CV-4011-RDR-KGS |
| **GRANT DAVIS,** | ) ) ) | |
| Defendant. | ) | |

## DESIGNATION OF PLACE OF TRIAL

The designated place of trial is Topeka, Kansas.

## COMPLAINT

**COMES NOW** Plaintiffs, **Dorothy Schmitz, Jill Schmitz-Noble, Bill Schmitz, LaDonna Oliphant, Neeley Schmitz,** and **David Schmitz**, and for their causes of action against Defendant **Grant Davis** allege and state as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are all residents of the State of Missouri and the surviving heirs at law of William Schmitz.

2. Defendant Grant Davis is a resident of Kansas, living in Johnson County, Kansas and may be served with process at his residence, 8833 Ensley Court, Leawood, KS 66206.

3. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 and venue is proper in this Court pursuant to 28 U.S.C. Section §1391(a).

1

## II.     FACTUAL ALLEGATIONS

5. William Schmitz died from the knowing, reckless, and negligent conduct of Eli Lilly and Bristol-Myers Squibb that enabled pharmacist Robert Courtney to dilute the drugs William Schmitz needed to treat his cancer.

6. Dorothy Schmitz is the surviving widow of William Schmitz and Jill Schmitz-Noble, Bill Schmitz, LaDonna Oliphant, Neeley Schmitz and David Schmitz are his surviving children.

7. Plaintiffs hired Defendant as their lawyer to investigate William Schmitz's death and to advise them concerning their rights.

8. Defendant advised Plaintiffs that Eli Lilly and Bristol-Myers Squibb had caused William Schmitz's death and that they should bring an action against Eli Lilly and Bristol-Myers Squibb arising from the death of William Schmitz.

9. Plaintiffs accepted Defendant's advice and authorized Defendant to represent them in an action against Eli Lilly and Bristol Myers Squib.

10. As Plaintiffs' lawyer Defendant had a duty to Plaintiffs to at all times be truthful; to fully and adequately advise them of their legal rights; to fully and thoroughly investigate and evaluate their claims; to fully and competently represent them in the litigation he initiated on their behalf; and to fully and truthfully advise them of their rights concerning offers of settlement and decisions relating to settlement of their claims.

11. Defendant filed suit on behalf of Plaintiffs against Eli Lilly and Bristol-Myers Squibb and agreed to competently prosecute that suit diligently and faithfully.

12. At the same time, Defendant represented approximately 80 other families with similar claims against Eli Lilly and Bristol-Myers Squibb, which multiple representations created

the possibility of numerous serious conflicts of interests which Defendant was obligated to fully disclose to his clients and which Defendant failed to do.

13. In October, 2002, Defendant made an agreement with Eli Lilly and Bristol-Myers Squibb pursuant to which Defendant advised the 80 families he represented that each family should settle its claims against Eli Lilly and Bristol-Myers Squibb for an unknown and undetermined part of a lump sum aggregate settlement. This agreement is described by the Kansas Supreme Court in *Tilzer v. Davis, Bethune & Jones, L.L.C.*, 204 P.3d 617 (Kan. 2009), *cert. denied*, 130 S.Ct. 507, 78 U.S.L.W. 3107, 78 U.S.L.W. 3247, 78 U.S.L.W. 3251 (U.S. Kan. Nov 02, 2009) (No. 09-282).

14. This agreement created numerous serious conflicts of interests between Defendant and each of his clients. Defendant had a strong interest to persuade each of his clients to participate in the aggregate settlement so that he could obtain his aggregate fee.

15. This agreement also created numerous serious conflicts of interests among all of Defendant's clients. Under the aggregate settlement, all of Defendant's clients, including Plaintiffs, became competitors for their respective shares of the lump sum to be divided.

16. Pursuant to the agreement with Eli Lilly and Bristol Myers-Squibb, Defendant advised Plaintiffs they should participate in the aggregate settlement.

17. In return for advising Plaintiffs to participate in the aggregate settlement, Defendant was assured that he would receive as an aggregate attorney's fee a then determinable amount of money that was many times greater than the amount which any of his clients could receive from the aggregate settlement.

18. It was in Defendant's personal financial interest to advise Plaintiffs, and his other clients to participate in the aggregate settlement. Defendant had a legal and ethical duty to inform Plaintiffs of this fact, but failed to do so.

19. Defendant advised and persuaded Plaintiffs to participate in the aggregate settlement.

20. When Defendant persuaded Plaintiffs to participate in the aggregate settlement, he concealed material facts from them, lied to them, coerced them, and breached his fiduciary duties owed to them.

21. Defendant failed to adequately advise Plaintiffs of their legal rights; failed to fully investigate Plaintiffs' claims; failed to provide Plaintiffs with adequate representation of their individual interests; failed to disclose actual and potential conflicts of interests; failed to fully and truthfully advise Plaintiffs of their rights relating to offers of settlement; and failed to prosecute their claims to trial. All such failures were violations of the standards of professional practice and care which are imposed upon Defendant as a licensed and practicing lawyer.

22. Defendant continued to represent Plaintiffs after he knew he had conflicting interests without obtaining Plaintiffs' informed consent to the continued conflicted representation or any valid waiver of the conflict.

23. In December, 2002, Defendant induced Plaintiffs to sign a Release and Settlement Agreement with Eli Lilly and Bristol-Myers Squibb which contained a confidentiality provision which shielded Defendant and the drug companies from scrutiny of the manner in which these cases were settled.

24. Plaintiffs' signatures were obtained by breach of fiduciary duty, negligence, fraud, and coercion.

25. Defendant damaged Plaintiffs by taking an attorney's fee he did not earn during the course of his representation of Plaintiffs.

26. Defendant damaged Plaintiffs by settling Plaintiffs' damage claims against Eli Lilly and Bristol-Myers Squibb for less than they were worth.

27. Because Defendant advised Plaintiffs that their claims against Eli Lilly and Bristol-Myers Squibb had merit and because Defendant took attorney's fees from Plaintiffs to settle those claims, Defendant is estopped from denying the merit of Plaintiffs' claims against Eli Lilly and Bristol-Myers Squibb.

28. Defendant was Plaintiffs' only lawyer and Plaintiffs had no way of knowing their legal rights other than through the advice of Defendant. Throughout the representation, Defendant knew Plaintiffs were relying solely upon his professional knowledge and advice. As such, a fiduciary relationship existed between Plaintiffs and Defendant that imposed upon Defendant both a duty to speak and a duty to fully inform Plaintiffs of their rights.

29. Because of this fiduciary relationship, Defendant had a duty to fully inform Plaintiffs of the facts and knowledge required by Rule 1.8(g) of the Rules of Professional Conduct prior to asking Plaintiffs to waive conflicts of interests caused by the aggregate settlement and prior to advising them to sign the Settlement and Release Agreement with Eli Lilly and Bristol-Myers Squibb.

30. The failure of Defendant to properly and adequately represent the interests of Plaintiffs was the direct and proximate cause of Plaintiffs' injuries, deprived them of the full settlement value of their case in 2002/2003, delayed their achieving a timely remedy for

their damages, and thereby damaged the value of their claims against Eli Lilly and Bristol-Myers Squibb.

31. Because of the fiduciary relationship with Plaintiffs, Defendant had and has a duty to inform Plaintiffs that Defendant breached his fiduciary duty to Plaintiffs and a duty to inform Plaintiffs that they have claims or potential claims against him, which duties continue to this day and which duties Defendant has continued to violate.

32. Since December, 2002, Defendant has never informed Plaintiffs of his breaches of fiduciary duty; nor has he ever informed Plaintiffs that they have claims against Defendant; nor has Defendant informed Plaintiffs of the decision by the Kansas Supreme Court in *Tilzer v. Davis, Bethune & Jones, L.L.C.*, supra.

33. Jointly with Eli Lilly and Bristol-Myers Squibb Defendant sought and obtained an order from the Johnson County District Court which was calculated to conceal Plaintiffs' claims from them, and to prevent Plaintiffs from learning of his misconduct. The order of the Johnson County District Court remained in effect until December, 2009. Defendant should be equitably estopped from asserting the statute of limitations ran during the time his conduct actively concealed Plaintiffs' claims from them.

34. Plaintiffs first became aware of Defendant's misconduct, and of the claims asserted herein, on December 27, 2009 when they were informed of the decision by the Kansas Supreme Court in *Tilzer v. Davis*, *Bethune & Jones, L.L.C.*, supra.

35. Limitations do not bar any causes of action herein. But to the extent that Defendant may so allege, Plaintiffs lack of actual knowledge of Defendant's breaches of fiduciary duty and of their causes of action against him tolled accrual until December 27, 2009.

36. Furthermore, the discovery rule applies to toll accrual of Plaintiffs' causes of action because Plaintiffs did not discover and should not have discovered, in the exercise of reasonable care and diligence, the facts establishing the elements of Plaintiff's causes of action alleged herein against Defendants, until such a time so that no applicable statute of limitations now prohibits the bringing of this action against Defendants.  The fact of injury was not reasonably ascertainable until Plaintiffs actually learned that the Global Settlement was an improper aggregate settlement.

37. Finally, the doctrine of equitable estoppel should bar Defendant from raising any limitations defense. Defendant's inequitable conduct, failure to advise Plaintiffs of conflict of interest, the secrecy surrounding the aggregate settlement, and failure to disclose violations of Rule 1.8(g) should prohibit Defendant from asserting limitations.

### III.   CLAIMS FOR RELIEF

38. Defendant's conduct deviated from the standard of care and was negligent.

39. Defendant breached his fiduciary duties to Plaintiffs.

40. Defendant's conduct was deceptive, deceitful, and fraudulent.

41. Defendant's conduct was willful, knowing, and malicious.

### VI.   DAMAGES

42. Defendant should be ordered to disgorge and return all attorney's fees he took from Plaintiffs' settlement funds, an amount in excess of $75,000.00.

43. Plaintiffs should have a judgment against Defendant for the loss in the value of their claims, and the loss of the settlement value of their claims against Eli Lilly and Bristol-Myers Squibb which amount is in excess of $75,000.00.

44. Plaintiffs should have a sufficient award to punitive damages against Defendant to punish him and to deter him and others who are similarly situated from engaging in such conduct in the future.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant for the return of the fees they paid Defendant along with pre-judgment interest and for a sum of money to compensate Plaintiffs for the loss of the value of their claims against Eli Lilly and Bristol-Myers Squibb, for the loss of the settlement value of their claims, for punitive damages, and for such further relief to which Plaintiffs are entitled at law and in equity.

Respectfully submitted,

**SKEPNEK FAGAN & DAVIS, P.A.**

By:    /s/ William J. Skepnek   ]
William J. Skepnek #10149
Brennan P. Fagan #20430
Mark Emert #22186
900 Massachusetts, Suite 601
Lawrence, Kansas 66044
Telephone (785) 331-0300
Telecopier (785) 331-0303
email: bskepnek@skepneklaw.com
email: bfagan@skepneklaw.com
email: memert@skepneklaw.com
**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

COME NOW, Plaintiffs, and all of them, and herein demand a trial by jury on all issues so triable.

                                    **SKEPNEK FAGAN & DAVIS, P.A.**

                    By:   /s/ William J. Skepnek
                          William J. Skepnek #10149
                          Brennan P. Fagan #20430
                          Mark Emert #22186
                          900 Massachusetts, Suite 601
                          Lawrence, Kansas 66044
                          Telephone (785) 331-0300
                          Telecopier (785) 331-0303
                          email: bskepnek@skepneklaw.com
                          email: bfagan@skepneklaw.com
                          email: memert@skepneklaw.com
                          **ATTORNEYS FOR PLAINTIFFS**