**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SCOTT BOOTH, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  10-4010-RDR |
| | ) | |
| GRANT DAVIS, | ) | |
|     Defendant. | ) | |
| ─────────────────────── | ) | |
| | ) | |
| DOROTHY SCHMITZ, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10-4011-RDR |
| | ) | |
| GRANT DAVIS, | ) | |
|     Defendant. | ) | |
| ─────────────────────── | ) | |
| | ) | |
| KIMBERLY CARREL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-4124-RDR |
| | ) | |
| GRANT DAVIS, | ) | |
|     Defendant. | ) | |
| ─────────────────────── | ) | |
| | ) | |
| PRUDENCE KIRKEGAARD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-4125-RDR |
| | ) | |
| GRANT DAVIS, | ) | |
|     Defendant. | ) | |
| ─────────────────────── | ) | |
| | ) | |
| RONALD M. BOEHMER, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-4059-RDR |
| | ) | |
| GRANT DAVIS, | ) | |
|     Defendant. | ) | |

```
                                              )
                                              )
PEGGY S. WALDON, et al.,                      )
        Plaintiffs,                           )
                                              )
        v.                                    )   Case No. 11-4060-RDR
                                              )
GRANT DAVIS,                                  )
        Defendant.                            )
                                              )
                                              )
VIRGIL WILLE,                                 )
        Plaintiff,                            )
                                              )
        v.                                    )   Case No. 11-4121-RDR
                                              )
GRANT DAVIS,                                  )
        Defendant.                            )
                                              )
```

## **MEORANDUM AND ORDER**

This matter comes before the court upon Plaintiffs' Motion to Compel Grant Davis' Full and Complete Responses to Plaintiffs' Third Requests for Production. Plaintiffs in the above-captioned actions have asserted legal malpractice claims against their former attorney, Defendant Grant Davis. Plaintiffs have filed substantially similar motions to compel in the above-captioned cases, and defendant has filed nearly identical response briefs.[1] In the interest of expediency, the court addresses all of the pending motions to compel in this order.[2]

**I.      Background**

Plaintiffs in the above-captioned actions are the individuals or surviving heirs of individuals who filed state court suits against Robert Courtney—a Missouri pharmacist who

---

[1] Defendant initially filed response briefs in only two of the seven pending cases. After plaintiffs noted this failure in their reply brief, defendant subsequently filed the response briefs in the remaining five cases.

[2] Except where otherwise noted, all citations to the parties' briefs come from the those in the first-filed case, *Booth v. Davis*, No. 10-4010-RDR.

diluted chemotherapy drugs—and against drug manufacturers Eli Lilly & Company and Bristol-Myers Squibb Company. Defendant represented many of the three-hundred-plus plaintiffs in these Missouri state court suits, including the plaintiffs who subsequently filed suits against him in this district. Highly summarized, plaintiffs contend defendant's actions related to an alleged aggregate settlement resolving the Missouri state court actions constitute legal malpractice.

Plaintiffs explain that during the course of this litigation, defendant has made inconsistent representations regarding the malpractice insurance policy or policies implicated by the suits against him. To clarify the issue regarding insurance coverage, plaintiff propounded certain document requests aimed at gathering information about insurance coverage. Plaintiffs move for an order compelling defendant to fully respond to Request for Production No. 3, served in all of the above-captioned cases. The request seeks, "All correspondence between Defendant and any insurance company or its representatives relating to the claims made in this lawsuit or denials of insurance of the claims made in this lawsuit, including any reservation of rights communications."[3]

Defendant initially objected to the request on the basis that it called for defendant to produce documents subject to a protective order in the underlying Missouri state court proceedings, called for information protected by the work-product doctrine, and called for information protected by the insurer-insured privilege. In response to the motion to compel, defendant continues to assert an insurer-insured-privilege objection. In addition, defendant also argues that plaintiffs already possess all of the relevant insurance policy information.

**II.      Discussion**

---

[3] Pl.'s Mem. in Supp. of Mot. to Compel Grant Davis' Full and Complete Resps. to Pls.' Third Req. for Produc. at 2, ECF No. 184.

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party objects to a discovery request, the discovering party may file a motion to compel. When a motion to compel asks the court to overrule certain objections, the objecting party must specifically show how each discovery request is objectionable.[4] Objections initially raised but not asserted in the objecting party's response to a motion to compel are deemed abandoned.[5] Similarly, any objections not asserted in the initial response to a discovery request but raised in response to a motion to compel are deemed waived.[6]

Defendant asserts several arguments in response to the motion to compel. First, defendant argues that plaintiffs already possess all of the necessary information to evaluate the insurance policies. This argument is akin to an objection that the discovery request is unduly burdensome because it is cumulative or duplicative. But defendant did not initially raise this objection when responding to the request for production. Therefore, the objection is waived. Even considering the merits of the objection, the court would overrule it. The fact that plaintiffs already possess certain information on a topic does not itself render a discovery request unduly burdensome or unreasonably cumulative or duplicative.

Defendant also attempts to assert a belated objection akin to an attorney-client privilege objection. Defendant's privilege log contains several entries indicating that certain documents

---

[4] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[5] *See Moses v. Halstead*, 236 F.R.D. 667, 675-679 (D. Kan. 2006) (finding work-product and attorney-client privilege objections to be abandoned because garnishee did not reassert these objections in response to a motion to compel); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 (D. Kan. 2004) (deeming privileges and confidentiality objections abandoned where not reasserted in opposition to a motion to compel); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 642 (D. Kan. 2004) ("[W]hen an objection or privilege is initially raised but not relied upon in response to the motion to compel, the court will deem the objection or privilege abandoned.").

[6] *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005).

were withheld because they are "attorney-client communications" in addition to being protected by the insurer-insured privilege. Defendant did not originally assert an attorney-client privilege objection, nor does defendant attempt to support this objection in his response brief. This objection is also waived and would in any event be overruled because of defendant's failure to support the objection. That leaves only the insurer-insured privilege objection.

Defendant has submitted a privilege log in support of his insurer-insured privilege objection. In their reply briefs, plaintiffs argue that the court should overrule defendant's privilege objection because defendant did not provide a privilege log until after plaintiffs filed their motion to compel. Fed. R. Civ. P. 26(b)(5) requires an objecting party to expressly make a claim of privilege and to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This district has generally required that the objecting party must provide this information to the discovering party at the time the information is withheld.[7] Failure to timely provide this information may result in a waiver of the privilege.[8] However, waiver is a harsh sanction and is usually reserved "for those cases where the offending party unjustifiably delayed in responding to the discovery requests or acted in bad faith."[9]

In this case, it is not entirely clear to the court when defendant's responses to Request No. 3 were due. Instead of attaching the discovery request and responses, as required by the local

---

[7] *H & L Assocs. of Kan. City, LLC v. Midwestern Indem. Co.*, No. 12-2713-EFM-DJW, 2013 WL 5774844, at *5 (D. Kan. Oct. 25, 2013) (construing Rule 26(b)(5) and Rule 34(b)(2)(A) to require that a privilege log be submitted at the time the objecting party initially responds to the requests for production).

[8] *Id.*

[9] *Sprint Commc'ns Co. L.P. v. Big River Tel. Co., LLC*, No. 08-2046-JWL, 2009 WL 2878446, at *1 (D. Kan. Sept. 2, 2009).

rules,[10] plaintiffs quote Request No. 3 and defendant's response to that particular request in their memorandums in support of their motions to compel. While this is sufficient to enable the court to rule on the merits of the motion, it makes it difficult to determine with certainty which sets of requests for production contained the specific request at issue and when defendant's responses were due. Even if defendant belatedly submitted the privilege log, any delay here is not so great that the court would find defendant has waived a privilege.[11]

Turning to the merits of defendant's insurer-insured privilege objection, Fed. R. Evid. 501 requires that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Federal jurisdiction in this case is based on diversity of citizenship. In the *Booth* and *Schmitz* cases, Judge Crow ruled that Missouri substantive law governs plaintiffs' tort claims.[12] Throughout the litigation of the above-captioned cases—including briefs on discovery motions, motions for a determination of a point of Missouri law, and during conference calls with the undersigned—the parties have never disputed that Missouri substantive law governs the claims and defenses in these cases. Because it appears Missouri law supplies the rule of decision for the claims and defenses in these cases, Missouri law would also govern the application of privileges. Although plaintiffs state they do not concede that Missouri privilege law applies, they make no other statement about which state's

---

[10] *See* D. Kan. Rule 37.1(a).

[11] *See, e.g., White v. Graceland Coll. for Prof'l Dev.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008) (declining to find waiver when the defendant served its privilege log 23 days after it initially responded to the discovery requests); *Sawyer v. Sw. Airlines*, No. 01-2385-KHV, 2002 WL 31928442, at *1 (D. Kan. Dec. 23, 2002) (declining to find waiver when the objecting party failed to serve a privilege log until two months after serving its initial discovery responses).

[12] *See Booth v. Davis*, No. 10-4010-RDR, Mem. and Order, ECF No. 13; *Schmitz v. Davis*, No. 10-4011-RDR, Mem. and Order, ECF No. 14.

law they believe should apply if not Missouri law. Therefore, the court will apply Missouri law here.

In *State ex rel. Cain v. Barker*, the Missouri Supreme Court recognized an insurer-insured privilege as a variant of the attorney-client privilege.[13] Under *Cain*,

> a report or other communication made by an insured to his liability insurance company, concerning an event which may be made the basis of a claim against him covered by the policy, is a privileged communication, as being between attorney and client, if the policy requires the company to defend him through its attorney, and the communication is intended for the information or assistance of the attorney in so defending him.[14]

Missouri appellate courts have broadly construed the insurer-insured privilege and have interpreted it to cover "[a]ny communication between insured and insurer which relates to the former's duty to report incidents and the latter's duty to defend and indemnify."[15] The privilege applies during the course of an insurer-insured relationship even if the insured is not yet represented by counsel[16] and even if the insurer ultimately denies the claim for coverage.[17] The privilege, however, does not encompass information aimed at preventing future losses rather than defending potential or actual litigation.[18]

Defendant has submitted a privilege log containing six entries. All of the entries are letters or emails between defendant and individuals associated with various insurers. Defense

---

[13] 540 S.W.2d 50, 53 (Mo. 1976) (en banc).

[14] *Grewell v. State Farm Auto Mut. Ins. Co., Inc.*, 102 S.W.3d 33, 36-37 (Mo. 2003) (en banc) (quoting *Cain*, 540 S.W.2d at 54).

[15] *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 548 (Mo. Ct. App. 2008).

[16] *St. Louis Little Rock Hosp., Inc. v. Gaertner*, 682 S.W.2d 146, 150 (Mo. Ct. App. 1984).

[17] *State ex rel. L.Y. v. Davis*, 723 S.W.2d 74, 75 (Mo. Ct. App. 1986).

[18] *St. Louis Little Rock Hosp.*, 682 S.W.2d at 150-51.

counsel is included in several of these communications. The subject of all of the entries includes insurance coverage for various legal malpractice actions involving defendant. The court finds that defendant has shown the documents listed on the privilege log were properly withheld on the basis of Missouri's insurer-insured privilege.

In addition to finding defendant properly supported its privilege objection, the court also finds that Request No. 3 is objectionable on its face because the plain language of the request seeks exclusively information that is shielded from discovery by Missouri's insurer-insured privilege. Similar to the request at issue in these cases, one U.S. District Court opinion from the Western District of Missouri determined Missouri's insurer-insured privilege applied to bar discovery of correspondence that put the insurers on notice of the underlying action and correspondence related to the scope and extent of insurance coverage.[19] That court concluded that the request was objectionable because it sought communications that related to the insured's duty to report or the insurer's duty to defend and indemnify.[20] Plaintiffs' request in these cases also encompasses communications relating to underlying litigation, which would necessarily encompasses an insured's duty to report or the insured's duty to defend or indemnify. For these reasons, the court sustains defendant's insurer-insured privilege objection to Request No. 3 and denies plaintiffs' motions to compel.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Grant Davis' Full and Complete Responses to Plaintiffs' Third Requests for Production is denied.

**IT IS SO ORDERED.**

---

[19] *See Mid-Century Ins. Co. v. Wheeler*, No. 09-761-CV-W-FJG, 2010 WL 2667349, at *2 (W.D. Mo. June 24, 2010).

[20] *Id.*

Dated this 17th day of July, 2014, at Topeka, Kansas.

                                                                      s/ K. Gary Sebelius  
                                                                      K. Gary Sebelius  
                                                                       U.S. Magistrate Judge